IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SARAH BRIGETTE WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL ACTION NO.: 3:13cv338-WC |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Sarah Brigette Williams, applied for disability insurance benefits. Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which the ALJ found Plaintiff not disabled at any time through the date of the decision. Plaintiff appealed that decision to the Appeals Council, and the Appeals Counsel rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 18); Def.'s Consent to Jurisdiction (Doc. 17). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

**III.    ADMINISTRATIVE PROCEEDINGS**

Plaintiff was forty-two years old at the date of the decision and has a high school education. Tr. 26. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since July 1, 2007, the alleged onset date." (Step 1) Tr. 14. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "multifactorial headache disorder, chest pain with anxiety, major depressive disorder, recurrent <u>moderate</u> without psychotic features, low average-to-average intellectual functioning." *Id.* The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Step 3) *Id.* Next, the ALJ found that Plaintiff has the RFC to perform light work with additional limitations. Tr. 19. The ALJ then concluded that Plaintiff "is able to perform past relevant work" as a cashier and sewing machine operator. (Step 4) Tr. 26. Continuing on to Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 26. The ALJ identified the following occupations as examples: "cashier," "storage facility rental clerk," and "hotel housekeeper." Tr. 27. Accordingly, the ALJ

determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from July 1, 2007, through the date of this decision." *Id.*

## IV. DISCUSSION

Plaintiff's only claim on appeal is that the ALJ erred in rejecting the opinions of Dr. Dan M. Guinn and Mental Health Counselor, Eve Stalker. Pl.'s Br. (Doc. 10) at 7. Dr. Guinn and Ms. Stalker's opinions essentially indicate that many of Plaintiff's daily living functions and social functions are extremely impaired. Tr. 23. Plaintiff argues that the ALJ incorrectly held that Dr. Guinn and Ms. Stalker's opinions were "not supported by the objective medical evidence," were "inconsistent with other substantial medical evidence of record," and were "unsupported by their own treatment records." *Id.*

Normally, an ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *See Phillips*, 357 F.3d at 1240. "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41. Further, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding the ALJ "must

specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

Here, the ALJ articulated "good cause" for the rejection of the opinions of Dr. Guinn and Ms. Stalker—that the opinions were not supported by the objective medical evidence, were inconsistent with the other substantial medical evidence of record, and were unsupported by their own treatment records. Tr. 23. Indeed, the decision explicitly states,

> Dr. Guinn's and the Mental Health Counselor, Eve Stalker's opinions . . . are given little weight because of a number of reasons: They are not supported by the objective medical evidence; they are inconsistent with other substantial medical evidence of record and other medical opinions, including Drs. McKeown, Estock and Thorton, [which] are more consistent with the record. They are unsupported by their own treatment records, much of which are simply [Plaintiff]'s financially self-serving subjective claims . . . . Their assessments [ ] are totally against the weight of the evidence.

*Id.* This rejection sufficiently articulates good cause.

To the extent that Plaintiff challenges that substantial evidence did not support this determination by the ALJ, the court does not agree. Plaintiff fails to point the court to any objective medical evidence in support of her argument, and instead relies on her subjective complaints to Dr. Guinn and Ms. Stalker. In addition, the court finds that substantial evidence did support the ALJ's finding of inconsistencies between Dr. Guinn and Ms. Stalker's opinions and the other medical opinions and the evidence of record. Plaintiff concedes that the opinions of Dr. Guinn and Ms. Stalker were "inconsistent with

the state agencies physician's opinions and the opinions of the medical expert testimony provided at the hearing." Pl.'s Br. (Doc. 10) at 7. Although Dr. Guinn and Ms. Stalker opined that Plaintiff's functions of daily living were extremely impaired, the ALJ pointed to significant evidence that Plaintiff "lives alone," "does all household chores and grocery shopping," "has no problem with personal care," "cleans and does laundry," walks or drives to visit with friends, goes to church, is capable of going out unaccompanied, can handle a savings account and use a check book, reads, writes, and does puzzles. Tr. 15-20. Because Dr. Guinn opined that Plaintiff would be "extremely limited" in her ability to do many of the tasks that Plaintiff herself indicated she currently does on a daily basis, substantial evidence supported the ALJ giving little weight to his opinion. Tr. 15-20, 388-90. Indeed, the ALJ stated that "as Dr. McKeown testified, if th[e] assessments [of Dr. Guinn and Ms. Stalker] were accurate, [Plaintiff] would have long ago required institutionalization!" Tr. 23. As the ALJ stated, Dr. Guinn and Ms. Stalker's opinions were based on Plaintiff's subjective complaints and not founded in the objective medical record of evidence.

The court has reviewed the opinions of Dr. Guinn and Ms. Stalker and agrees with the ALJ's determination to accord them little weight. The opinions appear to be unsupported by the other evidence or record and inconsistent with the other medical opinions. Accordingly, the court finds no error.

## V. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 10th day of April, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE